UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TERESA JANE ROHRBACH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:16-cv-02137 |
| BLITT AND GAINS, PC and MIDLAND FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, TERESA JANE ROHRBACH ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of BLITT AND GAINS, PC ("Blitt") and MIDLAND FUNDING, LLC ("Midland" and together with Blitt, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendants' unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of Illinois and all of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a 62 year old natural person residing at 308 E. Roosevelt Avenue, Onarga, Illinois, which falls within the Central District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

## BLITT

6. Blitt states that part of its practice includes, "Pre-legal and legal stream consumer and commercial collections services are provided in a secure, compliant environment for national and regional issuers and owners of credit."[1] From its headquarters at 661 Glenn Avenue, Wheeling, Illinois, Defendant is an Illinois law firm that is in the business of collecting delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

7. Blitt is an Illinois professional corporation that registered with the Illinois Secretary of State under file number 57193522 and is in the business of collecting debts throughout the country, including in Illinois.

8. Blitt is a "debt collector" as defined by §1692a(6) of the FDCPA, as it regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent accounts of others.

9. On its website and correspondences, Blitt identifies itself as a debt collector.

## MIDLAND

10. Midland "is one of the of the nation's largest buyers of unpaid debt."[2] From its headquarters at 3111 Camino del Rio North, Suite 103, San Diego, California, Defendant is a

---

[1] http://blittandgaines.com/
[2] https://www.midlandfunding.com/faqs/

third party debt collection company that is in the business of purchasing delinquent consumer debts form others, including a debt allegedly owed by Plaintiff.

11.   Midland is a Delaware corporation that registered with the Illinois Secretary of State under file number 02436353 and is in the business of purchasing and collecting consumer debts throughout the country, including in Illinois.

12.   Midland is a "debt collector" as defined by §1692a(6) of the FDCPA, as it regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent accounts of others.

13.   On its website and correspondences, Midland identifies itself as a debt collector.

### FACTS SUPPORTING CAUSES OF ACTION

14.   Several years ago, Plaintiff incurred a line of credit issued through Credit One Bank, N.A. ("Credit One"), which she used to make consumer purchases of household goods and services.

15.   The Credit One line of credit was assigned an account number ending in 0653 ("subject consumer debt").

16.   Due to financial problems, Plaintiff defaulted on her payments to Credit One.

17.   Following Plaintiff's default, Credit One sold the collection rights for the subject consumer debt, which were eventually assigned to Midland.

18.   Midland engaged the services of Blitt to collect on the subject consumer debt.

19.   On or around October 21, 2015, Blitt caused to be sent to Plaintiff a correspondence ("collection letter one"), seeking payment of the subject consumer debt in the amount of $1,029.48.  *See* attached Exhibit A is a true and correct copy of collection letter one.

20.   Blitt identified itself as a debt collector in collection letter one.  *See* Exhibit A.

21. On December 29, 2015, Midland, through its attorneys Blitt, filed a small claims action against Plaintiff under case number 2015SC317 ("small claims case") in the Circuit Court of Iroquois County, Illinois. *See* attached Exhibit B is a true and correct copy of the summons and complaint filed by Defendants.

22. Defendant's complaint contained five sentence of allegations. *See* Exhibit B.

23. The complaint's prayer for relief sought judgment in the amount of $1,029.48 plus court costs against Plaintiff. *Id.*

24. On January 25, 2016, attorney Jerome E. Riley ("Riley") of Blitt appeared at a hearing to present Defendants' complaint in front of the Honorable Gordon L. Lustfeldt ("Judge Lustfeldt"). Plaintiff appeared at the hearing pro se. *See* attached Exhibit C is a true and correct copy of the docket for the small claims case.

25. Prior to attending the hearing, Blitt prepared a proposed order seeking a default judgment against Plaintiff in the amount of $6,377.63 plus court costs. *See* attached Exhibit D is a true and correct copy of the order.

26. Prior to handing the order to Judge Lustfeldt, Riley marked and circle sections on the order indicating that a default judgment should be entered against Plaintiff. *See* Exhibit D.

27. Because Plaintiff appeared at the hearing, Judge Lustfeldt struck Riley's markings and continued the small claims case until March 31, 2016. *See* Exhibits C and D.

28. On or around February 16, 2016, Blitt caused to be sent to Plaintiff a correspondence ("collection letter two"), seeking payment of the subject consumer debt in the amount of $1,029.48. *See* attached Exhibit E is a true and correct copy of collection letter two.

29. Blitt identified itself as a debt collector in collection letter two. *See* Exhibit E

4

30. On April 14, 2016, Midland, through its attorneys Blitt, filed a first amended complaint in the small claims case. *See* attached Exhibit F is a true and correct copy of the first amended complaint filed by Defendants.

31. Defendants' first amended complaint contained 31 sentences of allegations, including sub-parts. *See* Exhibit F.

32. The first amended complaint's prayer for relief sought a judgment in the amount of $1,029.48 plus court costs against Plaintiff. *Id.*

33. Concerned over Defendants' complaint and proposed order, Plaintiff spoke with CLP regarding her rights.

34. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendants' collection actions.

35. Plaintiff has suffered economic harm as a result of Defendants' collection actions.

36. Plaintiff has been subjected to the threat of real harm by Defendants' unfair collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: The false representation of the character, amount, or legal status of any debt; The threat to take any action that cannot legally be taken or that is not intended to be taken; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §§1692e, e(2)(A), e(5), and e (10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."
> 15 U.S.C. §§1692f and f(1).

39.   Defendants violated 15 U.S.C. §§1692e, e(2)(A), e(5), e(10), f, and f(1) through their debt collection actions.  On January 25, 2016, Blitt prepared and sought entry of a default order on the subject consumer debt in the amount of $6,377.63 plus court costs.  This amount was over six times the balance of the subject consumer debt listed on the pleadings in the small claims case and collection letters.

40.   Defendants had clear intentions of seeking and obtaining a default judgment against Plaintiff.  As experienced and sophisticated debt collectors that obtain thousands of default judgments yearly, Defendants know that the vast majority of consumers do not participate in litigation when they are sued.  Armed with this knowledge, Riley came to the small claims case hearing on January 25, 2016 with a prefilled default order seeking judgment on a dramatically higher amount then Defendants were legally entitled.  As such, Defendants falsely and unfairly misstated the amount of the subject consumer debt.

41.   Had Plaintiff not actively participated in the small claims case, Defendants would have obtained a default against her in an improper and excessive amount.  From the initiation of the small claims case, Defendants' expected outcome was to obtain a default judgment against Plaintiff.  This is highlighted not only in the proposed order submitted by Riley, but also in Defendants' pleadings.  Defendants' complaint contained only five sentences of allegations.  However, once Plaintiff entered the small claims case and Defendants were not able to secure a

default judgment, they filed a first amended complaint with 31 sentences of allegations.  Plaintiff alleges this is common practice by Defendants during litigation against consumers.

42.   Plaintiff alleges that seeking an improper default judgment was not a bona fide error.  As evidences by the collection letters and pleadings, Defendants' systems stated that the balance of the subject consumer debt was $1,029.48.  Additionally, as a licensed attorney, Riley was under an obligation to review the documents that he submitted to Judge Lustfeldt.  Defendants' actions were willful and designed to compel an improper judgment against Plaintiff.

43.   The above described conduct is the exact type of behavior that the FDCPA was enacted to protect against.   As plead in paragraphs 33 through 36, Plaintiff was harmed by Defendants' illegal collection actions.

WHEREFORE, Plaintiff, TERESA JANE ROHRBACH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST MIDLAND

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Midland violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject consumer debt.

46. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

47. Plaintiff is a "consumer" as defined by the ICFA, 815 ILCS 505/1(e).

48. Midland's attempts to collect on the subject consumer debt are "part of the conduct of any trade or commerce" as defined by the ICFA, 815 ILCS 505/1(f).

49. Midland seeking a default judgment on an improper amount represents the use of deception, fraud, and false pretense in an attempt to collect a debt.

50. Midland intended that Judge Lustfeldt and Plaintiff rely on its misrepresentations in order to procure an improper default judgment on the subject consumer debt.

51. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual

economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

53. As pled in paragraphs 33 through 36, Plaintiff has suffered actual damages as a result of Midland's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, TERESA JANE ROHRBACH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 22, 2016                     Respectfully Submitted,

                                                          s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Central District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@consumerlawpartners.com